KING, P.J.,
for the Court:
¶ 1. Because illegal drugs had been sold at the home of Marion Forbes, the City of Grenada seized an Isuzu Rodeo owned by Ms. Forbes. The City filed a petition of forfeiture of the vehicle which was granted by the Grenada County Circuit Court. Aggrieved by the seizure and forfeiture of her vehicle, Ms. Forbes appeals and assigns the following error:
I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO MERIT A FORFEITURE OF THE APPELLANT’S VEHICLE BECAUSE OF ITS ALLEGED USE IN DRUG ACTIVITY.
¶ 2. Finding error, this Court reverses the circuit court judgment.

FACTS

¶ 3. On the morning of September 27, 1997, officers of the Mississippi Bureau of Narcotics and the Grenada Police Department participated in a drug buy operation at the home of Marion Forbes located in Grenada, Mississippi. A confidential informant equipped with a body wire was sent into Ms. Forbes’s home to purchase drugs from Rodney Tate, Ms. Forbes’s boyfriend. The officers listened to a drug transaction between the confidential informant and Tate. After the completion of the drug transaction, the officers entered the home and secured the immediate area.
¶ 4. The officers questioned Tate regarding the whereabouts of Ms. Forbes. Upon being told that she was at a hair salon, the officers made a call to the hair salon requesting that Ms. Forbes return home. Within fifteen minutes of the call, Ms. Forbes returned home in her Isuzu Rodeo.
¶ 5. Having obtained a search warrant, the officers searched the home and seized several items. A small sack of cocaine and $5000 were seized from Ms. Forbes’s bedroom. Pagers, scales and baggies were seized from other parts of the home. *1063 Three vehicles were also seized, a Cadillac, a Chevrolet Caprice, and the Isuzu Rodeo. Each vehicle was titled in Ms. Forbes’s name.
¶ 6. The officers searched the Isuzu Rodeo and a drug canine alerted to drugs present in the vehicle. Specifically, marijuana seeds were found in the back seat.
¶7. On October 9, 1997, the Grenada Police Department served a notice of intention to forfeit the seized Isuzu Rodeo. On October 14, 1997, Ms. Forbes filed her petition to contest forfeiture. The circuit court thereafter consolidated this case with another case dealing with the forfeiture of the Chevrolet Caprice. Forfeiture of both vehicles was granted to the City of Grenada. Aggrieved by the seizure and forfeiture of the Isuzu Rodeo, Ms. Forbes now appeals the circuit court judgment.

ISSUE

I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO MERIT A FORFEITURE OF THE APPELLANT’S VEHICLE BECAUSE OF ITS ALLEGED USE IN DRUG ACTIVITY.
¶ 8. Ms. Forbes contends that the Isuzu Rodeo was improperly seized because no direct evidence established that it was used to transport controlled substances to her residence.

Law

¶ 9. Miss.Code Ann. § 41-29-153(a)(4) (Rev.1993) mandates the forfeiture of vehicles used or intended for use in the transportation, sale, receipt, possession or concealment of controlled substances.

Analysis

¶ 10. The State presented three witnesses, Officers Andy Grass and Lee Tart of the Grenada Police Department and Ms. Forbes. The officers testified that Ms. Forbes’s house had been under surveillance for drug activity prior to Tate’s arrest and that they had each witnessed Tate drive the Isuzu Rodeo on several occasions. However, neither officer stated that he personally observed Tate or Ms. Forbes transact a drug sale while driving the Isuzu Rodeo nor transport controlled substances in the vehicle. Though Tate was arrested after having conducted a drug transaction at Ms. Forbes’s home, it does not appear to this Court that the Isuzu Rodeo was used or intended for use in the transportation or sale of any controlled substances found at the home. Ms. Forbes arrived in the Isuzu Rodeo, which was titled in her name, after the completion of Tate’s drug transaction.
¶ 11. This Court notes that the City of Grenada failed to file a brief responding to that of the appellant. The failure of the appellee to file its brief is tantamount to a confession of error, and will be accepted as such. Transcontinental Gas Pipe Line Corp. v. Rogers, 284 So.2d 304, 305 (Miss.1973). This Court finds that the evidence presented by the State was insufficient to warrant forfeiture, and therefore the circuit court judgment must be reversed and rendered.
¶ 12. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.